**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1223

DHANRAJ SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 18, 2022                    Decided: February 8, 2022

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Kibrom Isaak, UNIVERSAL LAW FIRM, PLLC, Fairfax, Virginia, for Petitioner. Bryan Boynton, Acting Assistant Attorney General, Russell J.E. Verby, Senior Litigation Counsel, John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dhanraj Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals dismissing Singh's appeal from the immigration judge's denial of his application for withholding of removal.[1] We deny the petition for review.

We have the reviewed the arguments that Singh presses on appeal in light of the administrative record, including the transcript of Singh's merits hearing and the supporting evidence, and the relevant legal authorities. Despite Singh's arguments to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding[2]—and that substantial evidence supports the denial of relief in this case, *see Gomis v. Holder*, 571 F.3d 353, 359 (4th Cir. 2009). Specifically, and in relevant part, in reaching the adverse credibility determination, the immigration judge identified (a) several testimonial omissions and inconsistencies, as well as discrepancies between Singh's hearing testimony and his supporting declaration; and (b) authenticity and veracity concerns pertaining to the medical evidence Singh proffered in support of his claimed past persecution. On appeal, the Board confirmed record support for the above and ruled that,

---

[1] Singh challenges neither the immigration judge's finding that his asylum application was time-barred nor the agency's denial of his application for protection under the Convention Against Torture (CAT). Accordingly, these issues are waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

2

based on the totality of the circumstances, there was no clear error in the immigration judge's adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Upon review, we hold that substantial evidence supports this determination. *See Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Accordingly, we deny the petition for review for the reasons stated by the Board. *In re Singh* (B.I.A. Feb. 3, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
